NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MIDLAND FUNDING, LLC, *Plaintiff/Appellant*,

*v.*

LISSETTE VAN SLYKE, *Defendant/Appellee*.

No. 1 CA-CV 14-0851
FILED 2-25-2016

Appeal from the Superior Court in Maricopa County
No. CV 2013-004551
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Johnson Mark, LLC, Phoenix
By Rhett Flaming-Buschman
*Counsel for Plaintiff/Appellant*

Skiba Law Group, PLC, Mesa
By John N. Skiba
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

D O W N I E, Judge:

¶1 Midland Funding, LLC ("Midland") appeals from a
judgment entered against it after a bench trial. For the following reasons,
we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Midland sued Lissette Van Slyke for $14,590.54 — the
balance reportedly due on a Chase Bank credit card account that Midland
acquired from Chase. The matter proceeded to a bench trial at which a
single witness testified: Anya Johnson — a "legal outsourcing specialist
and custodian of record" for Midland's debt servicer.[1] Through Johnson,
Midland sought to introduce copies of Chase's credit card statements.
Van Slyke objected, and the superior court ultimately ruled the statements
inadmissible due to inadequate foundation. Without the statements,
Midland could not carry its burden of proving the underlying debt, and
the court found in favor of Van Slyke.

¶3 Midland filed a motion for reconsideration that was denied.
The court thereafter entered judgment for Van Slyke, awarding her
attorneys' fees and costs. Midland timely appealed. We have jurisdiction
pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

¶4 Midland's only contention on appeal is that the superior
court erred by refusing to admit the Chase credit card statements into
evidence. According to Midland, the statements qualified as business
records under Arizona Rule of Evidence ("Rule") 803(6).

---

[1] The transcript reflects that the witness's first name is "Anya,"
though the superior court's ruling refers to her as "Tanya."

¶5 We review a trial court's ruling on the admissibility of evidence pursuant to a hearsay exception for an abuse of discretion. *State v. Parks,* 211 Ariz. 19, 24, ¶ 23 (App. 2005). Under Rule 803(6), a record is admissible under the business records exception to the hearsay rule if:

> (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

¶6 "Whether business records are sufficiently reliable to satisfy the hearsay exception in Rule 803(6) . . . is for the trial court to determine in the exercise of its sound discretion." *State v. McCurdy*, 216 Ariz. 567, 571, ¶ 7 (App. 2007). Portions of a purported business record that "indicate a lack of trustworthiness or lack an appropriate foundation shall not be admitted." *Id*. at 572, ¶ 9. In ruling that Midland failed to supply sufficient foundation for the Chase statements, the superior court stated:

> The sole witness in this case was Tanya Johnson, a "Legal Outsourcing Specialist and Custodian of Records" for Midland. Ms. Johnson is trained regarding Midland's record-keeping, and so is qualified to provide foundation for the admission of Midland's business records. Exhibit 3, however, consists of Chase account statements that were transmitted to Midland at the time it purchased the account. Ms. Johnson has no personal knowledge regarding those account statements. All she could say was that Midland received them from Chase and she believes they are reliable because Chase is a reputable, federally-regulated institution. This is insufficient foundation.

We discern no abuse of discretion.

¶7        Midland relies heavily on *State v. Parker*, 231 Ariz. 391 (2013) — a criminal case in which the defendant challenged the admission of evidence about transactions occurring on the murder victim's Capital One account. Parker argued the evidence did not fall within the business records exception because the trial witness — Capital One employee Keri Ward — could not state who transmitted the information that Capital One included in its records. *Id*. at 401, ¶ 33. The Arizona Supreme Court upheld the admission of the records, stating:

> Ward testified that Capital One regularly makes and keeps records of all credit card transactions. She described how merchants and other third parties transmit the information used to create the records. Although the records aid in fraud and police investigations, Ward indicated that the records serve several other business purposes, including billing, tracking spending habits, and resolving customer disputes. These facts qualify the entries in Ward's report as business records.

*Id*. at ¶ 31. Based on the record before it — particularly the testimony by Ward — the court in *Parker* found no abuse of discretion in admitting the Capital One records.

¶8        *Parker* does not stand for the proposition that anything a party includes in its own business records and relies on qualifies as a business record. On the contrary, *Parker* held that the requisite trustworthiness and reliability in that case "stem[med] from the fact that Capital One regularly relies on the information *that third parties submit as part of their ordinary course of business*." *Id*. at 402, ¶ 33 (emphasis added). Unlike *Parker*, where the witness provided foundation for records her own employer created and specifically testified about "how merchants and other parties transmit the information used to create the records," Johnson could say little more than that Midland's files included the Chase credit card statements, which she assumed were accurate because "we buy [accounts] from reputable sellers who, in return, are also required to keep their records in ordinary course of business." When Johnson was asked whether Midland received the Chase statements at the time of the account's purchase, she responded that she did not know nor could she state how the account statements were generated — either specifically or based on industry practices.

¶9        Even if we applied the so-called "adoptive business records doctrine," the superior court could reasonably conclude that Johnson

supplied inadequate foundation for the Chase statements. *See, e.g., Air Land Forwarders, Inc. v. U.S.*, 172 F.3d 1338, 1344 (Fed. Cir. 1999) (adoptive business record doctrine provides that documents may be admitted as business records "where an organization incorporated the records of another entity into its own, relied upon those records in its day-to-day operations, *and where there are other strong indicia of reliability*") (emphasis added). Contrary to Midland's suggestion, the mere fact that credit card companies are subject to governmental regulation does not mean that their account statements are automatically admissible without further foundation when incorporated into a third-party litigant's own records. *See* Rule 803(6)(D) (requisite circumstances must be shown by witness testimony or certification).

¶10          Finally, we reject Midland's assertion that the court improperly required personal knowledge about the creation of these specific statements or testimony from Chase personnel. On the contrary, the court stated it was "not ruling that testimony at trial by a Chase representative would be necessary to admit the account statements," concluding only that the foundation Johnson had offered "was insufficient." The court reiterated the foundational deficit when it denied Midland's motion for reconsideration — distinguishing this case from a nearly identical case it had previously adjudicated involving Midland. The court noted that in the other case, "the business records of the assignor creditor were accompanied by an affidavit. Here, no affidavit was admitted, so the only foundational evidence for the [Chase] credit card statements came from a witness whose only knowledge about them is that they are in Midland's files and Midland relies on them."[2] *Cf.* Ariz. R. Evid. 902(11)–(12) (affidavits certifying business records must meet the requirements of Rule 803(6)(A)–(C)).

---

[2]          The superior court admitted a different exhibit — a "field data sheet" — notwithstanding the fact Johnson neither generated the document nor had personal knowledge about the origins of the information contained therein. Johnson, however, was able to describe when and how that particular document was created and used. *See* Ariz. R. Evid. 803(6)(A) (record must be made "at or near the time by -- or from information transmitted by -- someone with knowledge").

**CONCLUSION**

**¶11** We affirm the judgment of the superior court. We deny Midland's request for an award of attorneys' fees incurred on appeal because it has not prevailed. Van Slyke is entitled to recover her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama